**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------X
                             :
JOHN CHRISTOPHER BARLETTA    :    Civil No. 3:22CV01110(SALM)
                             :
v.                           :
                             :
COMMISSIONER ANGEL QUIROS;   :
DEPUTY COMMISSIONER MULLIGAN; :
DIRECTOR OF POPULATION       :
MANAGEMENT DAVE MAIGA; and   :
DIRECTOR OF PROGRAMS AND     :
TREATMENT GARCIA             :    October 11, 2022
                             :
-----------------------------X
```

<u>**INITIAL REVIEW ORDER**</u>

Self-represented plaintiff John Christopher Barletta

("Barletta" or "plaintiff"), a sentenced inmate at MacDougall-

Walker Correctional Institution ("MacDougall"),[1] brings this

action relating to events occurring during his incarceration in

the custody of the Connecticut Department of Correction ("DOC").

---

[1] The Court may take judicial notice of matters of public record.
<u>See</u>, <u>e.g.</u>, <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir.
2006); <u>United States v. Rivera</u>, 466 F. Supp. 3d 310, 313 (D.
Conn. 2020) (taking judicial notice of BOP inmate location
information); <u>Ligon v. Doherty</u>, 208 F. Supp. 2d 384, 386
(E.D.N.Y. 2002) (taking judicial notice of state prison website
inmate location information). The Court takes judicial notice of
the Connecticut DOC website, which reflects that Barletta was
sentenced to a term of imprisonment that has not expired, and
that he is held at MacDougall. <u>See</u>
http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=2
19324 (last visited Oct. 8, 2022).

~ 1 ~

Plaintiff proceeds in forma pauperis. See Doc. #13.

The Complaint names four defendants: Commissioner Angel Quiros; Deputy Commissioner Mulligan; Director of Population Management Dave Maiga; and Director of Programs and Treatment Garcia. Each defendant is sued in his individual and official capacities. See Doc. #1 at 1.

Plaintiff brings claims pursuant to 42 U.S.C. §1983 "for damages and injunctive relief[,]" asserting violations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Doc. #1 at 1. As relief, plaintiff seeks compensatory damages, punitive damages, nominal damages, the return of any property he possessed while held at Northern C.I., and reimbursement of the costs of litigation. See Doc. #1 at 5-6.

I.  **ALLEGATIONS OF THE COMPLAINT**

Plaintiff contends that he was placed in "segregation for 22 years in supermax environments from March 23 1999 to December 20th 2021." Doc. #1 at 3. Plaintiff asserts that defendants knew his placement in long-term segregation was "illegal, showing compleate indiffrence to prisoners mental, emotional, and physical state of mind and well being." Id. at 3 (sic).

Specifically, plaintiff asserts that in March 1999, he "was justifiably placed in segregation for killing another prisoner."

Doc. #1 at 5. "In late 2000," plaintiff "was involved in [an] assault on a correctional officer with a weapon." Id. Plaintiff explains:

> The plaintiff admits his faults and recognizes his initial placement in segregation as just. The plaintiff is only challenging the length of the time in segregation as illegal, and unjust, without any mental health treatment after being designated to suffer from multiple dangerous mental illness, after 3 years in isolation 1995-1998 [immediately] from my release from supermax in 1998 3 months later I killed a prisoner.

Doc. #1 at 5, 4. Plaintiff asserts that in 2009, he "was approved for advancement in the Northern supermax phase progression to work my way out of segregation." Id. at 4. Defendant Quiros, who was then the warden of Northern, "denied [plaintiff] participation in the program," and "instead reclassified [plaintiff] without any disciplinary charge, to 'special needs segregation status.'" Id. Plaintiff contends that this reclassification was based on "outdated" information relating to the 1999 and 2000 incidents. Id.

## II.  STANDARD OF REVIEW

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the

complaint, if" it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The commands of §1915A "apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee." Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-

represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## III. **DISCUSSION**

### A.   **Official Capacity Claims**

Plaintiff asserts that he brings his claims against all defendants in both their individual and official capacities. To the extent plaintiff seeks money damages from any defendant in his official capacity, such claims are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); see also Evans v. Barone, No. 3:22CV00074(SALM), 2022 WL 1229020, at *6 (D. Conn. Apr. 26, 2022). "Section 1983 does not abrogate state sovereign immunity. Nor has [plaintiff] alleged any facts suggesting that the state has waived immunity in this case." Kerr v. Cook, No. 3:21CV00093(KAD), 2021 WL 765023, at *5 (D. Conn. Feb. 26, 2021) (citation omitted). Accordingly, all claims against defendants in their official capacities for monetary damages are **DISMISSED, with prejudice.**

Where a plaintiff "alleges an ongoing constitutional violation and seeks injunctive relief," he may proceed against state employee defendants sued in their official capacities.

Smith v. Perez, No. 3:19CV01758(VAB), 2020 WL 2307643, at *5 (D.
Conn. May 8, 2020). The Complaint confirms that plaintiff was
held in segregation until December 20, 2021; plaintiff alleges
no ongoing violation. See Doc. #1 at 3.

The only injunctive relief requested by plaintiff is the
return of his property. He does not contend that the denial of
property violates his Constitutional rights, nor does he contend
that any named defendant is responsible for the withholding of
this property.

Accordingly, all claims against defendants in their
official capacities for injunctive relief are **DISMISSED, without
prejudice.**

### B.    Individual Capacity Claims -- Personal Involvement

As noted, plaintiff names four defendants in the Complaint.
However, the Complaint makes no substantive allegations against
defendants Mulligan, Maiga, and Garcia. The Complaint makes
specific allegations only against defendant Quiros. To the
extent plaintiff sues defendants Mulligan, Maiga, and Garcia
under §1983 in their individual capacities, he has failed to
allege their personal involvement. When bringing a claim
pursuant to §1983, "a plaintiff must plead and prove 'that each
Government-official defendant, through the official's own
individual actions, has violated the Constitution.'" Tangreti v.

Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). An alleged constitutional "violation must be established against the supervisory official directly[]" and cannot be based on supervisory liability. Id. In other words, a supervisory official is not personally involved in the violation of a plaintiff's constitutional rights simply "by reason of [the official's] supervision of others who committed the violation." Id. at 619.

Plaintiff has not alleged that Mulligan, Maiga, or Garcia had any personal involvement in the events underlying his claims. Accordingly, any claims against defendants **Mulligan, Maiga, and Garcia**, in their individual capacities are **DISMISSED, without prejudice**, for failure to allege personal involvement.

### C.   Defendant Quiros -- Individual Capacity Claims

The Court construes the Complaint as asserting an Eighth Amendment Conditions of Confinement claim against defendant Quiros relating to the conditions of his confinement throughout the period of segregation, and in particular, from 2009 to 2021. See Doc. #1 at 3. The Complaint also appears to assert a Fourteenth Amendment Procedural Due Process claim against defendant Quiros relating to his reclassification of plaintiff to "special needs segregation status" in 2009 or 2010. Id. at 4. The Court finds that these claims are sufficient to proceed to

service of process on defendant Quiros.

Plaintiff also mentions the Fifth Amendment in the Complaint, see id. at 1, but it is not clear what aspect of his Fifth Amendment rights plaintiff contends was violated, or how. Accordingly, any claims for violation of the Fifth Amendment are **DISMISSED, without prejudice.**

IV.   <u>CONCLUSION</u>

The Court finds that this case may proceed to service of process on plaintiff's Eighth Amendment Conditions of Confinement claim and Fourteenth Amendment Procedural Due Process claim against defendant Quiros in his individual capacity, for damages.

All claims against defendants Mulligan, Maiga, and Garcia in their individual capacities are **DISMISSED, without prejudice**, for failure to allege personal involvement.

Any claims for monetary damages against any defendant in his official capacity are **DISMISSED, with prejudice.**

All other claims against defendants in their official capacities are **DISMISSED, without prejudice.**

**Plaintiff may respond to this Order in one of two ways:**

**OPTION 1:** Plaintiff may proceed <u>**immediately**</u> to service on his Eighth Amendment Conditions of Confinement claim and Fourteenth Amendment Procedural Due Process claim against

defendant Quiros in his individual capacity, for damages. If plaintiff selects this option, he shall file a Notice on the docket on or before **November 10, 2022,** informing the Court that he elects to proceed with service as to those claims against Quiros only. The Court will then immediately begin the effort to serve process on defendant Quiros in his individual capacity.

        **Or, in the alternative:**

        **OPTION 2:** Plaintiff may file an Amended Complaint, correcting the deficiencies identified in this Order. Plaintiff is advised that any Amended Complaint will <u>completely</u> replace the prior complaint in the actions. No portion of the original Complaint (Doc. #1) will be incorporated into the Amended Complaint by reference, or considered by the Court. Plaintiff must identify all defendants against whom he asserts his claims in the **<u>caption</u>** of the Amended Complaint, and indicate as to each defendant whether the claims are brought against him or her in his or her official or individual capacity or both. He must also specifically describe the factual allegations against any defendant in the body of the Amended Complaint. The Amended Complaint may not assert any claim that has already been dismissed **with prejudice.**

        Any such Amended Complaint must be filed by **November 10, 2022.** Plaintiff is cautioned that any Amended Complaint must

comply with the Federal and Local Rules of Civil Procedure, with special attention to Rule 8. **The original Complaint will not be served on defendant Quiros and will have no effect if an Amended Complaint is filed.**

If an Amended Complaint is filed, the Court will review it pursuant to 28 U.S.C. §1915A to determine whether it is sufficient to proceed to service on any defendant. If the Amended Complaint asserts claims that the Court has already explained are not cognizable, such claims will be summarily dismissed. The Court may not grant further leave to amend if the Amended Complaint fails to state a cognizable claim.

**The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

A detailed case management and scheduling order will be entered after counsel appears for any defendant.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12.** Defendants are encouraged to carefully evaluate the claims that have been permitted to proceed to service, and respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do

so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

       **Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

       It is so ordered, this 11th day of October, 2022, at Bridgeport, Connecticut.

                          __/s/_____
                          HON. SARAH A. L. MERRIAM
                          UNITED STATES CIRCUIT JUDGE
                          Sitting by Designation