```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
JOHN CHRISTOPHER BARLETTA     :    Civil No. 3:22CV01110(SALM)
                              :
v.                            :
                              :
COMMISSIONER ANGEL QUIROS     :    December 29, 2022
                              :
------------------------------X
```

## SCHEDULING AND CASE MANAGEMENT ORDER

Self-represented plaintiff John Christopher Barletta ("Barletta" or "plaintiff"), a sentenced inmate at Garner Correctional Institution ("Garner"), brings this action relating to events occurring during his incarceration in the custody of the Connecticut Department of Correction ("DOC"). The Court has issued an Initial Review Order ("IRO") permitting plaintiff to proceed on "his Eighth Amendment Conditions of Confinement claim and Fourteenth Amendment Procedural Due Process claim against defendant Quiros in his individual capacity, for damages." Doc. #16 at 8. Counsel filed an appearance "on behalf of Commissioner Angel Quiros" on December 27, 2022. Doc. #25 at 1. Defendant has filed a Motion to Dismiss the Complaint in its entirety. See Doc. #26.

In order to assist in the efficient prosecution of this matter, the Court hereby enters the following Orders.

The deadlines set by this Order, and by the Local and

1

Federal Rules of Civil Procedure, **may not be modified by agreement of the parties.** Any modification to the otherwise applicable deadlines must be requested by motion, and must be approved by the Court.

1. **PRESERVATION OF EVIDENCE**

Counsel for defendant shall <u>**immediately**</u> confer with defendant and with staff at the correctional facility or facilities at which the events underlying the claims in the Complaint[1] occurred and direct the defendant and staff to preserve any video recordings, whether made by stationary, surveillance, or handheld cameras, and any photographs, that may have captured the events giving rise to the Complaint. **Failure to preserve relevant video recordings or photographs may result in the imposition of sanctions.** Such materials need not necessarily be produced at this time, but must be preserved.

2. **MATERIALS TO BE PROVIDED BY PLAINTIFF**

On or before **February 6, 2023,** the self-represented plaintiff shall provide the following materials to counsel for defendant:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.

---

[1] Throughout this Order, when the Court refers to the claims in the Complaint, it refers to the claims permitted to proceed in the IRO.

2

- A damages analysis, that is, a statement of any money damages claimed and the basis for such claims. The damages analysis must state the type of harm the plaintiff suffered, and the basis for any demand for financial compensation for the harm.
- Copies of any grievances, complaints, notices, reports, or correspondence in plaintiff's possession that relate to the claims in the Complaint.

3. **MATERIALS TO BE PROVIDED BY DEFENDANT**

On or before **February 6, 2023,** counsel for defendant shall provide the following materials to the self-represented plaintiff:

- A list of any witnesses believed to have relevant information regarding the claims in the Complaint.
- Copies of any grievances, complaints, notices, reports filed by the plaintiff, or correspondence from the plaintiff, in the possession of the defendant or the DOC that relate to the claims in the Complaint.
- Copies of any incident reports, reports of investigation, disciplinary reports, or similar reports in the possession of defendant or the DOC relating to the claims in the Complaint.

If redactions are made to any materials disclosed, the

disclosure must be accompanied by a privilege log indicating the basis for the redactions.

**4.    STATEMENTS OF COMPLIANCE**

Within 15 days of the deadline for the production required by Sections 2 and 3 above, that is, on or before **February 21, 2023,** each party shall file a notice on the docket indicating whether the production required has been (a) provided by that party, and (b) received by that party from the opposing party.

**5.    OBJECTIONS**

If any party seeks to be relieved from any of the initial requirements of this Order, a motion explaining the relief sought and the basis for that relief must be filed **within ten days of the docketing of this Order**.

The Court may modify or waive any portion of this Order, in its discretion, upon motion or sua sponte.

**6.    RESPONSE TO MOTION TO DISMISS**

Defendant filed a Motion to Dismiss on December 27, 2022. See Doc. #26. Plaintiff shall file a response to the Motion to Dismiss on or before **February 10, 2023**. This deadline represents a significant extension of the otherwise applicable deadline. **Accordingly, the Court does not anticipate granting any further extensions of this deadline.**

**7.    DISCOVERY AND DISPOSITIVE MOTIONS**

All discovery will be **completed** (not propounded) by

**December 22, 2023.** In order to ensure that this deadline is met, all written discovery requests must be **propounded** on or before **August 28, 2023.**

**Discovery Relating to Expert Witnesses**: If either party intends to call an expert witness, a notice of that intent shall be filed on or before **August 28, 2023.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due under the Rules of Civil Procedure**. Ordinarily, that will mean any motion to compel must be filed **within 60 days of the service of the request.** If the Court has previously expressly granted an extension of the deadline for serving the response at issue, any motion to compel must be filed **within 30 days of the extended response deadline.**

If the parties are negotiating in good faith in an attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must comply fully with the Local Rules, as well as the Federal Rules of Civil Procedure. **Counsel and the self-represented plaintiff are directed to review Local Rule 37 before filing any discovery motion.** A copy of that Rule is

5

attached. Failure to comply with the Local and Federal Rules, and with this Order, may result in summary denial of any such motions.

**Dispositive Motions**: Any motion for summary judgment or for judgment on the pleadings must be filed no later than **February 7, 2024.** If neither party files a dispositive motion by this date, a pre-trial conference will be scheduled to determine whether counsel will be appointed for trial, and to set deadlines for the filing of a joint trial memorandum and motions in limine.

**8. STATUS REPORTS**

Counsel for defendant and the self-represented plaintiff shall file separate status reports on or before **February 28, 2023.** Each report must address the matters that are relevant to the case at the time and provide each of the following items:

> **(1)** a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;
>
> **(2)** the remaining deadlines set in the case, and whether the party filing the status report expects to seek any extensions of those deadlines;
>
> **(3)** whether the party filing the status report expects to file any dispositive motions;
>
> **(4)** whether the party filing the status report consents to

6

the jurisdiction of a Magistrate Judge for all purposes, including trial; and

**(5)** whether the party filing the status report seeks referral for a settlement conference. Counsel for defendant must confirm that he has <u>expressly</u> discussed this question with defendant and a DOC representative within the 30-day period preceding the filing of <u>each</u> status report.

Separate status reports addressing each of these matters shall be filed **every two months** thereafter until the matter is resolved, that is, on **April 28, 2023; June 28, 2023; August 28, 2023;** and corresponding dates in the future if this case has not been resolved.

## 9. EXTENSIONS OF TIME

All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this Order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order. **Any motion for extension of a deadline must comply with**

7

**Local Rule 7,** a copy of which is attached to this order.

**Counsel for defendant shall provide defendant with a copy of this Order within ten (10) days.**

It is so ordered this 29th day of December, 2022, at Bridgeport, Connecticut.

```
                              __/s/_____
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES CIRCUIT JUDGE
                              Sitting by Designation
```